Emma **RAILEY**, Plaintiff-Appellant,

v.

**LEPPERT ROOS FUR COMPANY**, a corporation, Defendant-Respondent.

No. 55338.

Supreme Court of Missouri,
Division No. 1.

Sept. 20, 1971.

Motion to Transfer to Court En Banc or for Rehearing Denied Oct. 11, 1971.

Frank Mashak, St. Louis, for plaintiff-appellant.

Willson, Cunningham & McClellan, J. H. Cunningham, Jr., St. Louis, for defendant-respondent.

SEILER, Judge.

Plaintiff sued defendant for money damages for defendant's failure to return two valuable mink coats stored with defendant in the summer of 1966. Verdict and judgment for defendant and plaintiff has appealed. We reverse and remand.

Plaintiff alleged defendant was a corporation engaged in the business of sale and storage of furs for profit and held itself out to the public as such; that defendant entered into a contract of bailment for hire for the storage of her two full-length mink coats; that in September 1966, she made demand for their return, but defendant failed to deliver them, and that the value of the two coats was $15,500.

Defendant admitted a contract of bailment for hire but denied that it was engaged in the storage business except as an incident to its business of selling ladies'

new fur coats and also alleged various limitations of liability, but its main defense was that the coats were lost because they had been stolen by burglars. Plaintiff replied that defendant had violated the terms of the Uniform Commercial Code, particularly Sec. 400.7–202, RSMo1969, V.A.M.S., dealing with the essential terms of warehouse receipts, in that the receipt issued by defendant failed to specify the location of the warehouse where the goods were stored.

Plaintiff proved solicitation by defendant to store her fur coats, delivery of the coats to defendant's employee, and receipt from him of a couple of cardboard stubs about the size of parking lot tickets as temporary receipts.

Defendant's evidence was that it issued and sent plaintiff a regular receipt to take the place of the temporary receipt given her by the pick-up man. Plaintiff, however, testified that she never received any such permanent receipt. The permanent receipt has numerous provisions limiting liability, which we need not consider further in light of the way this case was presented and tried. Defendant proved that it had leased two rooms of storage space in a commercial warehouse at 5619 Delmar Boulevard, St. Louis. Although these rooms had burglar alarms, were securely locked, and were of substantial construction located on the sixth floor of a warehouse building, burglars broke into them over the Labor Day weekend of 1966, and plaintiff's fur coats were among the numerous fur coats stolen. The defense relied on was that defendant was not responsible because the loss was brought about by burglary. Defendant's only instruction was that the verdict must be for defendant " * * * if you believe that plaintiff's coats were stolen from the storage room of Leppert Roos Fur Company, 5619 Delmar Blvd. by burglars breaking through the walls of such rooms". Not surprisingly, since there no doubt was such a burglary, the jury returned a verdict for defendant.

Plaintiff takes the position that defendant, so far as storage of fur coats is concerned, is a warehouseman and governed by the Uniform Commercial Code. We agree, because under the evidence defendant stored over 3,000 fur coats and fur pieces in the above-mentioned warehouse, at a charge of not less than $10.00 per item. This makes defendant a warehouseman, see Sec. 400.7–102, RSMo1969, V.A.M.S., defining "warehouseman" and Insurance Co. of North America v. Krieck Furriers, Inc., 36 Wis.2d 563, 153 N.W.2d 532. One of the requirements of the Code is that the receipt given by the warehouseman must specify the location of the place of storage, Sec. 400.7–202, supra. Admittedly, neither the temporary nor permanent receipts issued here stated where the coats were going to be stored. Sec. 400.7–202, supra, also provides that unless the warehouse receipt embodies within its terms this information, "* * * the warehouseman is liable for damages caused by the omission to a person injured thereby * * *"

Plaintiff objected to the permanent receipt offered in evidence by defendant, pointing out it did not comply with the Code by failing to state the place of storage. Plaintiff also objected to the evidence about the burglary, the address where it occurred, and tried to inquire whether there had been any burglary at 7720 Forsyth, which was the location of defendant's store in Clayton, and where defendant also had a vault for the storage of furs, as plaintiff knew. In all these, plaintiff was overruled. Plaintiff objected unsuccessfully to the testimony by the owner of the building where the burglary occurred, relating to details of construction and force and violence of the burglary, on the basis that plaintiff had no knowledge defendant was going to store her furs in that particular building. Plaintiff was taking the position that the defense of burglary was a false issue, inasmuch as the storage receipts did not list the place of storage. The trial court refused to permit this

approach and the record does not show what causal connection, if any, plaintiff could or would have established between the failure of the defendant to tell her where the goods were going to be stored and her loss, had she been permitted to proceed on this theory. The trial court seemed to be of the opinion that the failure to state the place of storage made no difference as to defendant's liability. This was error.

The case is therefore reversed and remanded for a new trial. At the new trial, plaintiff should be permitted to develop the fact that the storage receipt did not state the location of the place of storage and the causal connection, if any, between such failure and the loss suffered by plaintiff. If plaintiff can show such a causal connection, then the fact that the warehouse was burglarized would not be a defense.

BARDGETT, J., and HENLEY, Alt. J., concur.

HOLMAN, P. J., not sitting.